IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JOHN CHARLES BROGDON,    :
             :
     Plaintiff   :
             :
     VS.     :  **NO. 5:05-CV-30 (DF)**
             :
Officer TERRELL FLOYD, Judge LAMAR : **PROCEEDINGS UNDER 42 U.S.C. §1983**
SIZEMORE, Georgia State Senator ERIC : **BEFORE THE U. S. MAGISTRATE JUDGE**
JOHNSON, GDOC Commissioner JAMES :
DONALD, & Governor SONNY PERDUE, :
             :
     Defendants : **ORDER & RECOMMENDATION**
_____

Plaintiff **JOHN CHARLES BROGDON**, presently confined at Men's State Prison in

Hardwick, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.  He has paid

the initial partial filing fee of $34.10 as ordered by this Court on April 1, 2005.  The unpaid balance

of plaintiff's filing fee is $115.90; plaintiff is obligated to pay this amount in monthly installments

as described later in this order and recommendation.

## I.  STANDARD OF REVIEW

### A.  28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by

prisoners against a governmental entity or its employees and dismiss any portion of the complaint

the Court finds:  (1) is frivolous or malicious; (2) fails to state a claim on which relief may be

granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  An action

is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in

law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In determining whether a cause of

action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of

Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,'. . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon* v. *King & Spalding*, 467 U.S. 69, 73 (1984)).

### B.  General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II.  BACKGROUND

Plaintiff alleges in his complaint that he was injured on July 24, 2004, when defendant Officer Terrell Floyd maliciously slammed plaintiff to the floor and then proceeded to throw his 300 hundred pound body on plaintiff.  Plaintiff contends that prior to the incident, Officer Floyd ordered plaintiff to be strip searched.  Believing Officer Floyd only wished to harass and humiliate him, plaintiff refused to comply with Officer Floyd's orders and attempted to leave the area where Officer Floyd was detaining him.  As plaintiff slipped by Officer Floyd, Officer Floyd executed the body-slam maneuver on plaintiff, causing plaintiff to sustain in severe swelling and bruising on his right hip.  Plaintiff asks that Officer Floyd be prosecuted and that he admit guilt and apologize to plaintiff. He also seeks no less than $500,000 in damages.[1]

---

[1]  The relief sought by plaintiff includes early release from prison.  Release from prison is not available to plaintiff as relief under section 1983. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973)

In addition to naming as a defendant Officer Terrell Floyd, plaintiff also names Judge Lamar Sizemore, Georgia State Senator Eric Johnson, Georgia Department of Corrections ("GDOC") Commissioner James Donald, and Georgia Governor Sonny Perdue.

## III.  DISCUSSION

### A.  DEFENDANTS

#### 1.  Judge Lamar Sizemore

Following the July 24, 2004 incident, plaintiff attempted to press charges for aggravated assault and battery against Officer Floyd.  According to plaintiff, however, Judge Sizemore improperly failed to issue an arrest warrant, after finding that no probable cause for Officer Floyd's arrest had been established.  Plaintiff contends that Judge Sizemore's refusal to issue an arrest warrant for Officer Floyd interfered with his right to access to courts.

This contention is in error for two reasons.  First, as a private citizen, plaintiff does not have a constitutional right to institute a criminal prosecution.  "The Constitution is a charter of negative liberties; it tells the state to let people alone; it does not require the federal government or the state to provide services, even so elementary a service as maintaining law and order." *Bowers v. DeVito*, 686 F.2d 616, 618 (7th Cir. 1982) (citations omitted).  "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

Second, judges are entitled to absolute judicial immunity from damages for acts taken in their judicial capacity, unless they acted in the "'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir.1996).  This

---

(challenges to duration or fact of confinement, as opposed to conditions of confinement, are cognizable solely by petition for writ of habeas corpus).

immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her

jurisdiction. *See Stump*, 435 U.S. at 356.  Because Judge Sizemore was acting within his judicial

capacity, he has absolute immunity from liability to plaintiff for damages.  *See Timmerman v.*

*Brown*, 528 F.2d 811, 813-14 (4th Cir. 1975) (judge entitled to judicial immunity for his acts in

issuing, or failing to issue, criminal arrest warrants).

In light of the foregoing, **IT IS RECOMMENDED** that plaintiff's claims against Judge

Lamar Sizemore be **DISMISSED**.  Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written

objections to this recommendation with the district judge to whom this case is assigned, within ten

(10) days after being served a copy of this order.

### 2.  Georgia State Senator Eric Johnson

Plaintiff seeks to sue Georgia State Senator Eric Johnson for making unsympathetic remarks

towards prisoners, remarks that were allegedly published in the *Atlanta Journal-Constitution*

newspaper in September 2004.  Plaintiff believes remarks like Johnson's foster "the climate of

brutality" in prisons.

Mere threats or verbal abuse, even if directed specifically to plaintiff (which Johnson's

remarks do not appear to be), do not constitute a violation of a federal constitutional right.

*McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.), *cert. denied*, 464 U.S. 988 (1983).  Without any

showing of physical injury or damage, claims of verbal harassment, including insults and threats,

cannot form the basis of a claim under section 1983.  Plaintiff does not indicate he was harmed by

Johnson's remarks in any way and consequently fails to state a claim.

In light of the foregoing, it is **RECOMMENDED** that plaintiff's claims against Senator Eric

Johnson be **DISMISSED**. Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written

objections to this recommendation with the district judge to whom this case is assigned, within ten

(10) days after being served a copy of this order.

### 3. *Commissioner James Donald*

Plaintiff sues GDOC Commissioner Donald because he has "yet to rid the DOC" of the "beat-a-prisoner-today" attitude.  Plaintiff, however, has not alleged any specific acts by Donald that violate plaintiff's constitutional rights.  ***Rogers v. Evans***, 792 F.2d 1052, 1058 (11th Cir. 1986) (*respondeat superior* theory of liability not applicable in section 1983 actions).  Moreover, Donald, as a state prison official, is protected by Eleventh Amendment immunity and is not subject to official-capacity damages claims.

In light of the foregoing, it is  **RECOMMENDED** that plaintiff's claims against Commissioner James Donald be **DISMISSED**.  Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### 4. *Governor Sonny Perdue*

Plaintiff contends that Sonny Perdue, as Governor of Georgia, is responsible for "his subordinates' failings."  Plaintiff makes no other, more specific allegations against Governor Perdue.

A supervisor has no *respondeat superior* liability for the misconduct of subordinates and is not liable under section 1983 for damages or injunctive relief unless "the supervisor personally participates in the alleged unconstitutional conduct or [] there is a causal connection between the actions of [the] supervising official and the alleged constitutional deprivation."  ***Cottone v. Jenne***, 326 F.3d 1352, 1360 (11th Cir. 2003).  A causal connection may be shown (1) if the supervisor is on notice of historical widespread abuse and fails to take corrective action, (2) the supervisor has a custom or policy that results in the alleged violation, or (3) if facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."  ***Cottone***, 326 F.3d at 1360.  Supervisory officials are not liable under section 1983 for having the "mere right to control without any control or

direction having been exercised." ***Monell v. Department of Social Services of New York***, 436 U.S. 658, 694 n.58 (1978).  Plaintiff's factual assertions are insufficient to show supervisory liability on the part of Governor Perdue.  Additionally, like Commissioner Donald, Governor Perdue is protected by Eleventh Amendment immunity and is not subject to official-capacity damages claims.

In light of the foregoing, it is **RECOMMENDED** that plaintiff's claims against Governor Sonny Perdue be **DISMISSED**.  Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### 5. Officer Terrell Floyd

Unnecessary and wanton infliction of pain constitutes cruel and unusual punishment in violation of the Eighth Amendment.  ***Whitley v. Albers***, 475 U.S. 312, 319 (1986).  Plaintiff's allegations that he was assaulted by Officer Terrell Floyd, liberally construed, state a claim under section 1983 against this defendant for use of excessive force.  Accordingly, plaintiff's claim for damages against Officer Floyd will be allowed to proceed.[2]

It is hereby **ORDERED** that service be made as provided by law upon defendant **OFFICER FLOYD** and that he file a **WAIVER OF REPLY**, an **ANSWER**, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.

It is further **ORDERED AND DIRECTED** that a copy of this order be served upon plaintiff's custodian, if any.

---

[2]  To the extent that plaintiff has requested that criminal charges be filed against Officer Floyd, an inmate has no constitutional right to have someone criminally prosecuted.  ***Oliver v. Collins***, 914 F.2d 56, 60 (5th Cir.1990). Plaintiff also requests that Officer Floyd apologize and make an admission of guilt. This Court cannot provide this relief.

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, each party shall at all times keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address.  **FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS FILED HEREIN!**

☞                                        ## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must <u>diligently</u> prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute.  Defendants are advised that they are expected to <u>diligently</u> defend all allegations made against them and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of court;  to serve copies of <u>all</u> motions, pleadings, discovery, and correspondence (<u>including letters to the Clerk or to a judge</u>) upon opposing parties or counsel for opposing parties if they are represented;  and to attach to said original motions and pleadings filed with the Clerk a **CERTIFICATE OF SERVICE** indicating <u>who</u> has been served and <u>where</u> (i.e., at what address), <u>when</u> service was made, and how service was accomplished (i.e., by U. S. Mail, by personal service, etc.).

**THE CLERK OF COURT WILL NOT SERVE OR FORWARD COPIES OF SUCH MOTIONS, PLEADINGS, AND CORRESPONDENCE ON BEHALF OF THE PARTIES!**

7

### DISCOVERY

PLAINTIFF SHALL NOT COMMENCE DISCOVERY UNTIL AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED ON BEHALF OF THE DEFENDANTS FROM WHOM DISCOVERY IS SOUGHT BY THE PLAINTIFF. THE DEFENDANTS SHALL NOT COMMENCE DISCOVERY UNTIL SUCH TIME AS AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. **The deposition of the plaintiff, a state prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.**

IT IS HEREBY ORDERED that  discovery  (including depositions and interrogatories) shall be completed **WITHIN 90 DAYS** from the date of filing of an **ANSWER** or **DISPOSITIVE MOTION** by the defendant(s), unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.  This **90 DAY** period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer/dispositive motion. The scheduling of a trial herein may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

DISCOVERY MATERIALS SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT. **NO PARTY SHALL BE REQUIRED TO RESPOND TO ANY DISCOVERY NOT DIRECTED TO HIM OR SERVED UPON HIM BY THE OPPOSING COUNSEL/PARTY!**  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule

34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party.  <u>No party shall be required to respond to any such requests which exceed these limitations</u>.

**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

Dismissal of this action or requests for judgment will <u>not</u> be considered by the court absent the filing of a **SEPARATE MOTION** therefor accompanied by a brief/memorandum of law citing supporting authorities.  DISPOSITIVE MOTIONS should be filed at the earliest time possible, but in any event no later than **THIRTY (30) DAYS** after the close of discovery unless otherwise directed by the court.

**DIRECTIONS TO CUSTODIAN OF PLAINTIFF**

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $150.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $150.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

**PLAINTIFF'S OBLIGATION TO PAY FILING FEE**

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*.

Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

### ELECTION TO PROCEED BEFORE THE UNITED STATES MAGISTRATE JUDGE

Under **Local Rule 72**, all prisoner complaints filed under provisions of 42 U.S.C. §1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters. In addition, 28 U.S.C. §636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of all of the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U. S. district judge is strictly up to the parties themselves.

☞     After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide **ELECTION FORMS** to the parties and/or to their legal counsel, if represented. Upon receipt of the **ELECTION FORMS**, each party shall cause the same to be executed and returned to the Clerk's Office WITHIN FIFTEEN (15) DAYS. Counsel may execute **ELECTION FORMS** on behalf of their clients provided they have such permission from their clients. However, counsel must specify on the **ELECTION FORMS** on whose behalf the form is executed.

SO ORDERED AND RECOMMENDED, this 17th day of MAY, 2005.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

# NOTICE TO ALL PARTIES

PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (e.g., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT.

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL NOT BE FILED WITH THE CLERK OF COURT.  NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT.

DO NOT FILE ANY DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION. THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OF A MOTION TO COMPEL, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.