IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JOHN CHARLES BROGDON,

            Plaintiff

  VS.

TERRELL FLOYD,

            Defendant

**NO. 5: 05-CV-30 (DF)**

PROCEEDINGS UNDER 42 U.S.C. § 1983
BEFORE THE U.S. MAGISTRATE JUDGE

## RECOMMENDATION

Before the court are the motions of plaintiff JOHN CHARLES BROGDON, the first of which seeks miscellaneous relief and to clarify previously filed motions (Tab #36); the second of which seeks to introduce physical evidence (Tab #37); and the last of which (in the form of a letter rather than a motion) requests miscellaneous relief, including that reading glasses allegedly taken from him be returned so he can read his matters related to his litigation (Tab#39). Defendant TERRELL FLOYD responded to all pleadings on January 19, 2006. (Tab #43).

Among other things, plaintiff seeks injunctive relief. In order to obtain injunctive relief, he bears the burden of proving: (1) a substantial likelihood that he will ultimately prevail on the merits; (2) that he will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest. *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985); *Snook v. Trust Company of Georgia Bank of Savannah, N.A.*, 909 F.2d 480, 483 (11th Cir. 1990).

After careful review of plaintiff's requests and defendant's response to plaintiff's motions (Tab #43), the undersigned finds that plaintiff Brogdon fails to meet the requirements for the granting of injunctive or any other relief. Plaintiff's transfer out of Mens State Prison was not retaliatory; the documents requested by the plaintiff have been furnished to him; and the funds in plaintiff's account have been transferred to his present location. However, in defendant's response, he made no mention of the reading glasses that the plaintiff alleges have been withheld from him.

Accordingly, IT IS RECOMMENDED that the plaintiff's request to have his reading glasses returned to him be GRANTED while all other relief sought by plaintiff be DENIED. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned, **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 20th day of JANUARY, 2006.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

2