IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOHN CHARLES BROGDEN,<br><br>      **Plaintiff**<br><br>  VS.<br><br>TERRELL FLOYD,<br><br>      **Defendant** | **NO.  5: 05-CV-30 (DF)**<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## RECOMMENDATION

Defendant TERREL FLOYD has filed a motion seeking summary judgment against plaintiff herein (Tab #27) which is supported by a brief, Statement of Undisputed Material Facts, and supporting affidavits. The plaintiff has submitted an Omnibus Filing and Incorporated Affidavit (Tab #52), which includes a response to the Motion for Summary Judgment.  Defendant FLOYD has submitted a Reply to the plaintiff's Response (Tab #54).  Also in the record is the deposition of the plaintiff (Tab #30).[1]

Before this court can look at the merits of this case, the court must determined whether this case is properly before the court for review.  The defendant has asserted that the plaintiff prematurely pursued this action because when the complaint was filed, an administrative appeal was pending, and such appears to be the case.  Under 42 U.S.C. §1997e(a), a prison inmate is required to exhaust all available administrative remedies before filing suit under §1983.  The 11th Circuit has held that in order to satisfy the exhaustion requirement of §1997e(a), an inmate incarcerated by the state prison system must first comply with the grievance procedure established by the state before filing a federal suit.  *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999).   In deciding if an inmate has exhausted all available remedies, the court will not examine the effectiveness of the remedy but focus *solely* on whether the administrative remedies available were exhausted.  *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998). (Emphasis added).

---

[1] Consideration of defendant's motion is now appropriate in light of the dismissal of plaintiff Brogdon's interlocutory appeal by the Eleventh Circuit Court of Appeals.  Tab #53.

In considering whether plaintiff BROGDON has exhausted his administrative remedies, the undersigned has reviewed the plaintiff's assertions and finds that, at the time of his filing the case at bar, the plaintiff had failed to exhaust such remedies. The plaintiff filed the current case on January 26, 2005, but his administrative remedies were not made final until February 7, 2005 when his appeal of the denial of his grievance was denied. Even though those remedies have since been exhausted, because they were not exhausted at the time of the plaintiff's *__filing__* of this suit, this action is not properly before this court, and this court cannot consider the merits of the case at this time. *Leal v. Georgia Dept. of Corrections*, 254 F. 3d 1276, 1297 (11th Cir. 2001).

For the foregoing reason, IT IS RECOMMENDED that defendant's motion be DENIED but that plaintiff's complaint be **DISMISSED** *without prejudice*.[2]  Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 11th day of MAY, 2006.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] Dismissal for failure to exhaust administrative remedies are always without prejudice.